```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

John R. Demos,                )
                              )
        Plaintiff,             )
                              )
        v.                    )    Case No. 1:13-cv-21-jgm
                              )
United States Secretary        )
of Defense,                   )
                              )
        Defendant.             )

                         OPINION AND ORDER
                             (Doc. 1)

*Pro se* plaintiff John R. Demos, an inmate currently incarcerated in the State of Washington, claims that President Barack Obama has issued an oral order authorizing his release from prison. Demos alleges he was convicted by a United States military court of selling military secrets, the President has ordered his release, but the Governor of the State of Washington has failed to comply with the order. Now before the Court is Demos's motion for leave to proceed *in forma pauperis*.

The federal *in forma pauperis* statute provides that the Court may authorize "the commencement, prosecution or defense of any suit, action or proceeding, . . . without prepayment of fees . . . , by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the law also provides that "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has,

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In 1994, one federal court noted that Demos has a "long history of filing frivolous pleadings."  Demos v. Shalala, 1994 WL 238840, at *1 (D.D.C. May 16, 1994); John Robert Demos v. Kincheloe et al., 563 F. Supp. 30 (E.D. Wa. 1982) (dismissing 17 civil complaints and 3 habeas corpus petitions as "frivolous, malicious, repetitive, *de minimis*, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction").  In fact, since 1991 he has filed over 100 petitions or complaints around the country.  See Demos v. Glebe, 2010 WL 1253532, at *1 (N.D. Okla. March 22, 2010).  The instant case is Demos's fifth filing in the District of Vermont.  See Demos v. State of Vermont, No. 5:10-cv-88; Demos v. United States, No. 1:08-CV-167; Demos v. U.S. Sec'y of State, No. 1:04-CV-293; Demos v. U.S. Attorney General, No. 2:01-CV-157.  The Court also notes that the United States Supreme Court, citing Demos's numerous frivolous filings in that Court, has denied him permission to submit an *in forma pauperis* petition on any writ of

certiorari in a non-criminal matter.  See Demos v. Storrie, 507 U.S. 290, 290-91 (1993).

Given this pattern of frivolous filings, courts have found Demos in violation of Section 1915's "three strikes rule."  See Demos v. United States, 2010 WL 4530249, at *2 (W.D. Pa. Oct. 8, 2010) (citing cases).  Accordingly, Demos must allege imminent danger of serious physical injury in order to proceed *in forma pauperis*.  See 28 U.S.C. § 1915(g).  The proposed Complaint makes no such allegation.

Demos is therefore barred from proceeding *in forma pauperis*, and his motion for leave to proceed without prepayment of fees (Doc. 1) is DENIED.  This case is DISMISSED pursuant to 28 U.S.C. § 1915(g), without prejudice to Demos's right to re-open the case upon payment of the filing fee of $350.00.  Demos will note, however, that he has been warned by this Court that "future frivolous filings in this District may result in an injunction and, if necessary, sanctions."  Demos v. United States of America, No. 1:08-CV-167 (Doc. 4 at 2).  This warning remains in effect for any future filing in this Court.

It is further certified that any appeal taken *in forma pauperis* from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3).  This case is CLOSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of February, 2013.

                                          /s/ J. Garvan Murtha
                                          Honorable J. Garvan Murtha
                                          United States District Judge